MILES MINER *vs.* JONATHAN C. STEVENS & another.

A mortgagee, to whom possession of the estate mortgaged has been delivered, on an execution issued upon the conditional judgment, if subsequently disseized by the mortgagor, before the expiration of the equity of redemption, may maintain a writ of entry against such mortgagor.

THIS was a writ of entry, brought in this court, in the form prescribed in the Rev. Sts. *c.* 101, §§ 2 and 3, in which the demandant declared on his own seizin, without setting forth the title, under which he claimed. The tenants pleaded the general issue, and the case was tried thereon before *Metcalf*, J., at the present term.

The demandant, in order to prove his title, gave in evidence a mortgage deed of the demanded premises to him from Jonathan C. Stevens, one of the tenants, to secure the payment of a debt which was overdue and unpaid; also, a conditional judgment in favor of the demandant against the said Stevens, recovered in the court of common pleas, at the October term, 1845, in a suit on the mortgage to foreclose the same; and an execution issued on the said judgment, on which possession of the premises described in the mortgage deed, including the demanded premises, was delivered to the demandant, on the 14th of April, 1846.

The tenants thereupon moved the court to dismiss the action, on the ground, that it appeared to be brought for the purpose of foreclosing the mortgage, and consequently was

not within the original jurisdiction conferred upon this court by the statute of 1840, *c.* 87, § 1.

This motion was overruled, and a verdict was directed for the demandant, to which the tenants excepted. If the ruling was wrong, the verdict is to be set aside, and the demandant to become nonsuit; otherwise, judgment is to be entered on the verdict.

*W. Porter & F. Chamberlain,* for the tenants. It appears, from the demandant's own showing, that the conditional judgment alone can properly be rendered, either for him, or against Jonathan C. Stevens; and this court has no original jurisdiction to award such judgment. *Ingalls* v. *Richardson,* 3 Met. 340; *Waters* v. *Randall,* 6 Met. 479; *Loud* v. *Lane,* 8 Met. 517; *Keith* v. *Swan,* 11 Mass. 216. The demandant might have a second execution, or revive the judgment by *scire facias.* *Jackson* v. *Hawley,* 11 Wend. 182; *Griffith* v. *Dobson,* 3 Penns. 228; *Doe* v. *Lord,* 7 Ad. & Ell. 610.

*I. Sumner,* for the demandant. The relation between the parties is changed by the conditional judgment and possession under it, although the form of action is the same. This action is not for foreclosure, but for an injury to the possession, and the remedy is provided by the Rev. Sts. *c.* 101, § 8.

SHAW, C. J. The only doubt, in this case, arises from the evidence introduced on the part of the demandant, which seemed to show, that he claimed as mortgagee, and was only entitled to the conditional judgment. But this evidence was not necessary. It would have been sufficient, as against Jonathan C. Stevens, to have exhibited the judgment without the mortgage; and the other tenant, who is a mere stranger, cannot, of course, stand on a better footing, in this respect, than the former. But it is immaterial to consider what remedy a mortgagee would have, who, after having entered for condition broken, is ousted by his mortgagor. This is a proceeding, in which the defendants are charged as wrongdoers. They jointly deny the wrong and insist on their

right, and do not claim to stand upon the footing of mortgagors. The action is therefore against wrong-doers, and not against mortgagors, and rightly brought in this court.

*Judgment on the verdict.*